IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| H. H. FRANCHISING SYSTEMS, INC., | : |
| Plaintiff, | : Case: 1:24-cv-00160-JPH |
| vs. | : Judge Jeffery P. Hopkins |
| MISSIONERA LLC, *et al.* | : Magistrate Judge Stephanie K. Bowman |
| Defendants | : DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED DUE TO ILLEGALITY UNDER CONNECTICUT LAW |

## I. INTRODUCTION

Plaintiff filed this case in an attempt to enforce against Defendants a noncompetition provision that is against the public policy and law of the state of Connecticut. Connecticut law forbids the enforcement of such agreements. Regardless of the choice of law provisions specified in the Franchise Agreement, the only geographic territory where Plaintiff seeks to enforce the noncompetition agreement is in Connecticut. Because the noncompetition agreement is unenforceable in the state of Connecticut, this Court is obligated to dismiss the Plaintiff's Complaint as it relates to any enforcement of the Noncompete Claim.

## II. ANALYSIS

Plaintiff is correct that a complaint that "presents sufficient facts to 'state a claim to relief that is plausible on its face'" should survive a motion to dismiss for failure to state a claim or a

motion for judgment on the pleadings.[1] (Plaintiff's Response to Defendants' Motion to Dismiss, ECF No. 39 at PageID 306, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) However, because Plaintiff's amended complaint asks this court to enforce a noncompetition agreement that is unenforceable under the law of the state where it must be enforced, the complaint must fail as a matter of law.

### A. Defendants did not waive the right to argue that the noncompetition agreement is unenforceable under Connecticut law by acknowledging that the Franchise Agreement is governed by Ohio law.

Plaintiff argues that Defendants have waived a choice-of-law argument against the enforcement of the noncompete provision because, in Defendants' response to Plaintiff's motion for a preliminary injunction, Defendant conceded that Ohio law applies. (Plaintiff's Response to Defendants' Motion to Dismiss, ECF No. 39 at PageID 307.) However, Defendants' acknowledgement that the Franchise Agreement contains a valid choice-of-law provision and subsequent argument that the noncompetition provision should not be enforced under Ohio law does not waive the argument that Connecticut law forbids enforcement of such a noncompetition provision at this time.

First, the cases cited by Plaintiff in support of its waiver argument are distinguishable from this case. *Meridia Prods. Liab. Litigation v. Abbott Laboratories*, 447 F.3d 861 (6th Cir. 2006) involves an appeal where the appellee did not raise a choice-of-law argument at all before the

---

[1] The court may consider a motion to dismiss under Rule 12(b)(6) that was filed after an answer as a motion for judgment on the pleadings under Rule 12(c) when the motion challenges the legal sufficiency of the complaint. *Iron Workers Dist. Council v. Larry N. Carlin, Inc.*, S.D.Ohio No. 3:17-cv-00165, 2017 U.S. Dist. LEXIS 171997, at *9 (Oct. 17, 2017). *See also Little v. FBI*, 793 F.Supp. 652, 653 (D.Md.1992) ("the Rule 12(c) motion is treated as fungible with the Rule 12(b)(6) motion when the gravamen of the motion is a challenge to the legal sufficiency of the complaint.").

district court and attempted to argue choice of law for the first time on appeal. *Id.* at 865. In *ChiRhoClin, Inc. v. Grand River Aseptic Mfg.*, W.D.Mich. No. 1:17-cv-993, 2022 U.S. Dist. LEXIS 96182 (Mar. 14, 2022), the court held that the plaintiff could not "reverse course" in arguing its motion for summary judgment that Maryland law should apply to the contract at issue when the plaintiff had relied on Michigan law when arguing the motion to dismiss. *Id.* at *3-4. Specifically, the court stated, "Parties have an obligation to raise a choice of law issue early in the litigation." *Id.* at *4. A review of the docket in that case shows that the plaintiff filed its memorandum opposing the motion to dismiss on April 6, 2018, ECF No. 24, and it filed its response opposing summary judgment on March 10, 2021, ECF No. 98, nearly three years later.

In the case at bar, Defendants filed the opposition to Plaintiff's motion for a preliminary injunction on June 28, 2024, ECF No. 25. This was followed less than three weeks later by the instant motion to dismiss based on Connecticut law on July 18, 2024, ECF No. 29. Plaintiff has suffered no prejudice from such a brief period between Defendants' acknowledgement that Ohio law governs the Franchise Agreement and the subsequent motion based on the application of Connecticut law to the enforcement of the agreement's noncompetition provision. Accordingly, the court should decline to find that Defendants have waived the argument that Connecticut law must be applied to the enforcement of the noncompetition provision.

### B. Choice of law is not relevant to the question of enforcement of the noncompetition provision.

Defendants agree that Ohio law governs the interpretation of the Franchise Agreement and, except for the "patchwork of franchise-specific state laws" as described in Plaintiff's response, ECF. No. 39 at PageID 310, Ohio law governs the franchisor-franchisee relationship between the parties. However, this is distinct from the prohibition on enforcement of noncompetition agreements within the state of Connecticut imposed by Connecticut law.

3

Decisions of other courts in assessing minimum wage claims, which also address critical state public policies for protection of workers, are instructive. In a wage dispute between California workers and an Arizona employer, the Arizona District Court held that, although the court applied Arizona choice-of-law rules, "the state in which an employee performs work—at least if that work lasts 'days or weeks' continuously—generally has the greatest interest in applying its wage and overtime laws to that work, regardless of the state of residency of the worker." *LaCross v. Knight Transp. Inc.*, No. CV-15-00990-PHX-JJT, 2024 U.S. Dist. LEXIS 11480, at *35 (D. Ariz. Jan. 23, 2024), citing *Senne v. Kan. City Royals Baseball Corp.*, 934 F.3d 918, 932 (9th Cir. 2019). In a similar circumstance, the California Southern District Court rejected a New Jersey employer's argument that its choice-of-law provision should prevail to set compensation for employees in California. *Wright v. Freedom Mortg. Corp.*, No. 09-CV-630 JLS (POR), 2009 U.S. Dist. LEXIS 146024, at *12 (S.D. Cal. May 26, 2009). The court observed that, "Allowing an employer to contract around this minimum compensation could lead to deliberate attempts to pay employees under, for example, Kansas's [$2.65 per hour] minimum wage law." *Id.*

The enforcement of a noncompetition agreement is analogous to the enforcement of compensation requirements. Both are governed by statutes enacted by the state to set public policy for the protection of workers located in that state. *Compare* Conn. Gen. Stat. § 31-68(a)(1) (allowing an employee to recover double wages, costs, and attorney's fees for violation of the minimum wage statute) *with* Conn. Gen. Stat. § 20-681 ("*Any* covenant not to compete *is against public policy and shall be void and unenforceable*.") (emphasis added).

To the extent that choice of law should be analyzed in determining the effect of the noncompetition covenant, Connecticut law should prevail in assessing that provision of the Franchise Agreement. In resolving conflict-of-laws questions relating to contracts, Ohio courts

4

generally apply the provisions of the Second Restatement of the Law, Conflict of Laws §§ 187 and 188. *Par v. Geico Gen. Ins. Co.*, 2020-Ohio-5247, ¶ 5 (Ct. App.). Section 187 governs situations where the parties to a contract have chosen the state law to apply, as here. Restatement (Second) of Conflict of Laws § 187(1) (Am. Law Inst. 1988). The Restatement provides that the choice of the parties shall prevail unless "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties." *Id.* at § 187(2)(b).

> The factors enumerated in § 188 are:
>
> > (a) the place of contracting,
> > (b) the place of negotiation of the contract,
> > (c) the place of performance,
> > (d) the location of the subject matter of the contract, and
> > (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

*Id.* at § 188(2).

However, the analysis cannot end with just the above factors. The Restatement provides a roadmap of how the Court should decide this issue in § 202, Illegality, which states:

> § 202. Illegality
> (1) The effect of illegality upon a contract is determined by the law selected by application of the rules of §§ 187-188.
> (2) When performance is illegal in the place of performance, the contract will usually be denied enforcement.

*Id.* at § 202.

In the present matter, the place of contracting, the place of negotiation of the contract, and the place of business of the Plaintiff are all Ohio. The place of performance, the location of the subject matter of the contract, and the place of business of the Defendants are Connecticut. "When performance is illegal in the place of performance, the contract will usually be denied

5

enforcement." *Id.* With respect to the noncompetition covenants, these factors weigh heavily in favor of Connecticut law because it is that law that governs the performance of the contract and it is in Connecticut where Plaintiff seeks to have the noncompetition covenant enforced.

### C. The Connecticut statute applies to the noncompetition provision contained in the Franchise Agreement.

Applying the Connecticut statute to the noncompetition provision of the Franchise Agreement, the provisions must be found unenforceable, despite Plaintiff's claims to the contrary.

#### 1. Even if the noncompetition provision was not void *ab initio* in 2013, it cannot be enforced at any time after 2019.

Defendants agree that Connecticut statutes that are silent on retroactive application are presumed to apply only prospectively. However, the statute at issue, in one short sentence, makes three, plain statements: covenants not to compete are against the public policy of Connecticut; covenants not to compete are void; and covenants not to compete are unenforceable.

Even if the covenant not to compete was not void at the time the parties signed the Franchise Agreement in 2013, the noncompetition provision is no longer enforceable in Connecticut. If the Connecticut legislature had intended otherwise, it could have said so. In 2016, three years before the adoption of the ban on noncompetition agreements for homemaker-companion services, Connecticut adopted a comprehensive statute restricting noncompetition covenants involving physicians. That statute specifies that its key provisions apply only to covenants "entered into, amended, extended or renewed on or after July 1, 2016." Conn. Gen. Stat. 20-14p(b)(2). Accordingly, if the Connecticut legislature had intended for existing noncompetition covenants to be enforceable, it would have said so explicitly. Instead, the legislature stated that such covenants are both void and unenforceable.

> **2. The noncompetition covenants are void and unenforceable restrictions on all activities "directly or indirectly" associated with home care services, including both directly providing care and owning a business.**

Plaintiff's claim that the noncompetition covenants in the Franchise Agreement prohibit Defendants from "engaging in the business of providing home care services" but not "continuing to provide home care services." This is a distinction without a difference. The terms of the Franchise Agreement purport to prohibit defendants, for a period of two years, "directly or indirectly" to "own, maintain, operate, engage in, or have any interest in any business offering home care aide" services. (Franchise Agreement, ECF No. 18-3, at PageID 157-158.) By its own terms, the Franchise Agreement purports to restrict the rights of the individual Defendants to provide home care services, whether or not they do so through a business they own.

Using Ohio law as the basis to interpret the Franchise Agreement as a whole, as the parties agree is appropriate, this provision must fail. To the extent that the provision restricts the right of the individual Defendants to provide home care services, the provision is void and unenforceable within the state of Connecticut. Where the contract contains an unenforceable provision, Ohio law puts no obligation on the Court to rewrite the terms to bring them into compliance, particularly where such rewriting would require significant changes to the unenforceable agreement. *See Kross Acquisition Co., LLC v. Groundworks Ohio LLC*, 2024-Ohio-592, ¶ 20 (Ct. App.); *S & S, Inc. v. Kuret*, Nos. 62478 and 63042, 1993 Ohio App. LEXIS 2442, at *9 (Ct. App. May 13, 1993) ("It is not mandatory for this court to modify the covenant to make it a reasonable restraint and it is not an abuse of discretion for us to decline to modify the time and space restrictions of the covenant as it is unenforceable on its face.").

### 3. Even if a broad interpretation of the Connecticut statute would result in absurdity, such a broad interpretation is not in front of the court at this time.

On its face, the Connecticut statute appears to be so broad as to include noncompetition covenants that would preclude employees of home care agencies from competing against their employers during their term of employment ("in-term noncompetition covenants"). As discussed above, the Connecticut legislature knows how to draft a more limited restriction on noncompetition covenants, and it did not do so in this case. This Court should not second-guess the public policy choices made by the Connecticut legislature that apply to home care service providers located within the state of Connecticut.

And although the Delaware Chancery Court found that the Connecticut statute did not apply to a defendant who had not personally provided home care services, that is not the case at bar. The individual Defendants have provided in-home services to their clients and have formed the type of bond with their clients that the Connecticut legislature sought to protect in enacting § 21-681. Furthermore, this Court owes no deference to the interpretation of Connecticut law rendered by a Delaware court.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court dismiss the Plaintiff's Complaint as it relates to any enforcement of the Noncompete Claim set forth in the Amended Complaint for failure to state a claim upon which relief may be granted.

Respectfully submitted,

/s/ *John H. Phillips*

John H. Phillips (0043934)
James A. Hamilton (0102638)

Phillips Law Firm, Inc.
9521 Montgomery Road
Cincinnati, OH 45242
Telephone: (513) 985-2500
Facsimile: (513) 985-2503
Email: JHP@PhillipsLawFirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following date, **September 5, 2024,** as follows:

☐ hand delivery,

☐ regular U.S. Mail, postage prepaid, to the addresses listed below

☐ facsimile to the fax number listed below

**X** email to the email address listed below

**X** through the United States District Court for the Southern District of Ohio's CM/ECF service to provide copies of filings to all parties and counsel entitled to receive service of documents in this case.

☐ other: _____
_____.

| | |
|---|---|
| Michael Alan Galasso | Charles Jay Hoover |
| Robbins, Kelly, Patterson & Tucker, LPA | Aaron-Michael Hanchett Sapp |
| 312 Elm Street, Suite 2200 | Cheng Cohen LLC |
| Cincinnati, OH 45202 | 363 W. Erie Street |
| 513-721-3330 | Suite 500 |
| Fax: 513-721-5001 | Chicago, IL 60654 |
| Email: mgalasso@rkpt.com | 312-243-1701 |
| Attorney for Plaintiff | Fax: 312-277-3961 |
| | Email: charles.hoover@chengcohen.com |
| | Email: asapp@chengcohen.com |
| | Attorneys for Plaintiff |

/s/ *John H. Phillips*
John H. Phillips (0043934)