# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| H.H. FRANCHISING SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MISSIONERA LLC, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-00160-JPH-SKB <br><br> Judge Jeffrey P. Hopkins <br><br> Magistrate Judge Stephanie K. Bowman <br><br> **DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION OF NOVEMBER 22, 2024 (DOC. 44)** |

Pursuant to Rule 72(b)(2), Defendants Missionera LLC, Vladimir Petrenko, and Elena Petrenko object to the Magistrate Judge's Report and Recommendation of November 22, 2024 (the "R&R") (Doc. 44). As discussed more fully in the attached Memorandum in Support, Defendants respectfully object to the R&R on the following grounds:

1. The R&R misapplies Ohio choice-of-law principles to determine that Ohio law, and not Connecticut law, should be applied to enforcement of the noncompete provisions of the Franchise Agreement.

2. The R&R incorrectly concludes that Connecticut law does not prohibit enforcement of noncompetition agreements of the kind found in the Franchise Agreement.

Accordingly, Defendants respectfully request that this Court reject the Magistrate Judge's R&R and dismiss the Plaintiff's Complaint as it relates to any enforcement of the Noncompete Claim set forth in the Amended Complaint.

1

Respectfully submitted,

/s/ *James A. Hamilton*

John H. Phillips (0043934)
James A. Hamilton (0102638)
PHILLIPS LAW FIRM, INC.
9521 Montgomery Road
Cincinnati, OH 45242
(513) 985-2500
(513) 985-2503 fax
JHP@PhillipsLawFirm.com
JAH@PhillipsLawFirm.com

*Attorneys for Defendants*

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

The R&R must be rejected and the Plaintiff's claims for enforcement of the noncompetition provisions of the franchise agreement must be dismissed for two reasons. First, the R&R's conclusion that Ohio law, and not Connecticut law, applies to the enforcement of the noncompetition provisions for work performed inside Connecticut is mistaken. Second, the R&R's interpretation of Connecticut law as to the enforcement of the noncompetition provisions in the Franchise Agreement is erroneous.

### II. LAW AND ANALYSIS

Under Rule 72(b)(3), the Court reviews objections to a magistrate judge's decision de novo. As noted in the R&R, the Court applies the same standard of review to a motion for judgment on the pleadings under Rule 12(c) and a motion to dismiss under Rule 12(b)(6). *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987). The Court must determine, after accepting all facts alleged in the complaint and drawing all inferences in favor of the plaintiff, "whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Mkt.,*

2

*Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). However, the Court need not accept the complaint's legal conclusions. *Ecolab, Inc. v. Glanz*, No. 1:22-cv-197, 2023 U.S. Dist. LEXIS 52997, at *6 (S.D. Ohio Mar. 27, 2023), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

### A. Ohio Choice-of-Law principles favor applying Connecticut law to the noncompetition provisions of the Franchise Agreement.

Under Section 18.3 of the Franchise Agreement, the parties agreed that Ohio law would apply to the Franchise Agreement. However, because of the public-policy interests expressed in the Connecticut law governing noncompetition agreements such as the one in dispute, Plaintiff cannot enforce the noncompetition agreement provisions against Defendants for work being performed in Connecticut. The R&R relegates the analysis of the implications of defeating a state's important protections for workers to a single footnote. (Doc. 44, PageID 433, fn. 4.) However, the judicial endorsement of using a contract to defeat statutory protections for workers warrants further consideration.

Ohio choice-of-law provisions make clear that another state's law applies to contractual relations where the other state has a "materially greater interest than the chosen state in the determination of the particular issue." Restatement (Second) of Conflict of Laws § 187(2)(b) (Am. Law Inst. 1988) (hereinafter, the "Restatement"). *See Par v. Geico Gen. Ins. Co.*, 2020-Ohio-5247, ¶ 5 (Ct. App.) (holding that Ohio courts apply Sections 187 and 188 of the Restatement (Second) of Conflict of Laws to contract disputes).

Applying the principles set out in Section 188 of the Restatement, it is clear that Connecticut has the greatest interest in application of laws intended to protect the rights of workers located in Connecticut. Consequently, under Ohio choice-of-law principles,

3

Connecticut law must govern the contractual relationship between the parties as to provisions that impact the rights of workers located in Connecticut. Permitting the parties to contract around state laws enacted for the protection of workers would vitiate the state's entire system of worker-protection laws. This would result in permitting employers and franchisors to abuse contractual choice-of-law provisions to avoid minimum-wage, overtime, anti-discrimination, workplace safety, and collective-bargaining laws, all in violation of the laws and public policy of the state where the work is performed.

The law of Connecticut protecting workers from oppressive noncompetition agreements clearly qualifies as a "fundamental" policy. While not every statute will necessarily qualify as a "fundamental" policy for choice-of-law purposes, "a fundamental policy may be embodied in a statute which makes one or more kinds of contracts illegal or which is designed to protect a person against the oppressive use of superior bargaining power." Restatement, § 187, cmt. g. As set out in the Amended Complaint, Plaintiff is the "national franchisor of the Home Helpers® brand of franchised home care businesses operating throughout the country." Amended Complaint at Paragraph 1. Defendants are two individuals, Vladimir and Elena Petrenko, and their business, Missionera LLC, who collectively are but one of over 200 of Plaintiff's franchisees. Amended Complaint at Paragraph 16. The Connecticut statute prohibiting noncompetition provisions like the one at issue is, by its terms, designed to make certain kinds of contracts illegal and unenforceable to protect home health care workers against the oppressive use of superior bargaining power. And the statute itself declares that such covenants are "against public policy." Conn. Gen. Stat. § 20-681.

This Court previously held, consistent with this analysis, that a Texas law regarding a noncompetition provision would apply in a case involving a choice-of-law provision

4

requiring application of Ohio law. *Power Mktg. Direct Inc., v. Clark*, No. 2:05-CV-767, 2006 U.S. Dist. LEXIS 63582 (S.D. Ohio Sep. 6, 2006). In *Power Mktg.*, the contract in dispute had forum-selection and choice-of-law provisions selecting Ohio's laws and courts. *Id.* at *2. The court applied Section 187(2) of the Restatement to determine whether Texas law would apply to enforcement of a noncompetition provision. *Id.* at *9. The Court determined that Ohio had a substantial relationship with the transaction, satisfying Section 187(2)(a), and therefore the outcome must be determined by Section 187(2)(b). *Id.* at *10. The Court then decided that under Section 187(2)(b), the answer to the choice-of-law question is predicated on whether the application of Ohio law would be contrary to a fundamental public policy of Texas, whether Texas law would apply in the absence of an effective choice by the parties, and whether Texas had a materially greater interest in the application of the noncompetition agreement than Ohio. *Id.*

The *Power Mktg.* Court determined that Texas law would apply to the case in the absence of an effective choice by the parties under Section 188 of the Restatement. *Id.* at *13. As in that case, the only factors favoring Ohio law in the case at bar are that the place of contracting is Ohio and that the Plaintiff is an Ohio corporation. *Id.* at *12-13. In *Power Mktg.*, the subject matter of the contract was a Texas licensee of the Ohio business, with a license to use the plaintiff's business methodology in the Austin, Texas, metropolitan area to serve Texas customers. *Id.* at *11-12. In the case at bar, the subject matter is a Connecticut franchisee of the Ohio business serving customers in Connecticut. In both cases, the place of performance of the contract is the other state. Analyzing all of the Section 188(2) factors, the Court in *Power Mktg.* held that Texas law would apply in the absence of an effective choice of the parties. That same analysis favors application of Connecticut law in the case at bar.

5

The next question is whether the application of the noncompetition provision violates a fundamental public policy of Connecticut. The Court in *Power Mktg.* applied Comment g to Section 188 of the Restatement that a "fundamental policy may be embodied in a statute which makes one or more kinds of contracts illegal or which is designed to protect a person against the oppressive use of superior bargaining power." *Id.* at *13, quoting Restatement § 188, cmt. g. As discussed above, this favors a finding that Connecticut law on noncompetition provisions embodies a fundamental policy expressed in Connecticut law. On its face, the Connecticut statute states that any applicable "covenant not to compete is *against public policy* and shall be void and unenforceable." Conn. Gen. Stat. § 20-681. Enforcement of such a covenant violates a fundamental public policy of Connecticut, and the Connecticut law should be applied.

Finally, the *Power Mktg.* Court determined that Texas had a more material interest in the dispute over the noncompetition agreement. *Id.* at 18-19. The factors in the analysis are identical: the subject matter of the contract is the franchise in Connecticut; Defendants are the exclusive franchisee of HHFS in their territory in Connecticut; and Defendants perform home health services in Connecticut. Connecticut therefore has the more material interest in the dispute over the noncompetition agreement.

Applying the analysis of *Power Mktg.*, the Court should find that R&R is contrary to law in its determination that Ohio law, and not Connecticut law, applies to the enforcement of the noncompetition provision.

### B. Connecticut law prohibits enforcement of the noncompetition provisions of the Franchise Agreement.

The R&R finds that Connecticut law would not prohibit the noncompetition provisions of the Franchise Agreement for two primary reasons. First, the R&R concludes

6

that the applicable Connecticut statute cannot apply to the Franchise Agreement because under Connecticut law, statutes do not have retroactive effect unless explicitly stated otherwise. Second, the R&R concludes that the Connecticut noncompetition statute does not apply to the facts of this case because under a narrow construction of the statute, the statute applies only to individuals and not to a franchisee business. Defendants disagree with both conclusions.

Defendants agree with the general proposition that statutes are not applied retroactively unless the legislature states otherwise. However, read in conjunction with other, similar statutes, the statute pertaining to home health services must be interpreted to apply to all restrictive covenants without time limitation.

Connecticut law prohibits certain covenants not to compete for home health services, Conn. Gen. Stat. § 20-681, physicians, Conn. Gen. Stat. § 20-14p, physician assistants, Conn. Gen. Stat. § 20-12k, and advance practice registered nurses ("APRNs"), Conn. Gen. Stat. § 20-101d. As to physicians, physician assistants, and APRNs, the relevant statutes set forth the time frame in which the statutory prohibition applies. For example, the statute pertaining to physicians sets out a general rule in one subsection: "A covenant not to compete is valid and enforceable only if it" meets the relevant test for reasonableness. Conn. Gen. Stat. § 20-14p(b)(1). It then further restricts noncompetition covenants enacted after certain dates: "[a] covenant not to compete that is entered into, amended, extended or renewed on or after July 1, 2016, shall not" contain enumerated restrictions, Conn. Gen. Stat. § 20-14p(b)(2), and "[a] covenant not to compete that is entered into, amended, extended or renewed on or after October 1, 2023, shall not be enforceable if" it contains certain restrictions, Conn. Gen. Stat. § 20-14p(b)(3). The statutes pertaining to physician assistants and APRNs are likewise time-bound. Conn.

7

Gen. Stat. §§ 20-12k(b), 20-101d(b).

The statute prohibiting noncompete covenants for home health services contains no such date limitation. "*Any* covenant not to compete is against public policy and shall be void and unenforceable." (Emphasis added.) Conn. Gen. Stat. § 20-681. Unlike the other professions, the Connecticut legislature did not time-bound its restriction on noncompete covenants for home health services. Consequently, this provision must be upheld to apply to enforcement of the noncompete provisions of the Franchise Agreement.

The R&R's narrow construction of the Connecticut statute is also flawed. The statute defines a "covenant not to compete" to mean "any agreement or contract that restricts the right of an individual to provide companion services, home health services or homemaker services (A) in any geographic area of the state for any period of time, or (B) to a specific individual." Conn. Gen. Stat. § 20-670(4). First, there are two individual defendants in this action entitled to the full protection of the statute, no matter how narrowly construed. Second, the net effect of applying the noncompetition agreement against Missionera LLC is to restrict the rights of its individual members and employees, including the individual defendants in this case, to provide the protected services. Finally, the R&R describes the analysis from *Am Holdco, Inc. v. Cappelletti* (Doc. 39-1, PageID 393-394) as coming from "the Connecticut trial court." A Connecticut trial court would have greater fluency with Connecticut law than another state's court. However, that transcript came from the Delaware Chancery Court, which is entitled to no deference in its interpretation of Connecticut law. Accordingly, this Court should find that the Connecticut statute protects the individual defendants and, on behalf of its members and employees, the LLC defendant.

8

## III. **CONCLUSION**

For the reasons set forth above, the R&R is contrary to law. Defendants request that the Court reject the R&R and dismiss the Plaintiff's Complaint as it relates to any enforcement of the Noncompete Claim set forth in the Amended Complaint.

    Respectfully submitted,

    */s/ James A. Hamilton*

    John H. Phillips (0043934)
    James A. Hamilton (0102638)
    PHILLIPS LAW FIRM, INC.
    9521 Montgomery Road
    Cincinnati, OH 45242
    (513) 985-2500
    (513) 985-2503 fax
    JHP@PhillipsLawFirm.com
    JAH@PhillipsLawFirm.com

    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been served by email this 5th day of December, 2024, on the following:

Michael Alan Galasso, Esq.
Robbins, Kelly, Patterson & Tucker, LPA
312 Elm Street, Suite 2200
Cincinnati, OH 45202
513-721-3330
Fax: 513-721-5001
mgalasso@rkpt.com
*Attorney for Plaintiff*

Charles Jay Hoover, Esq.
Aaron-Michael Hanchett Sapp, Esq.
Cheng Cohen LLC
363 W. Erie Street
Suite 500
Chicago, IL 60654
312-243-1701
Fax: 312-277-3961
charles.hoover@chengcohen.com
asapp@chengcohen.com
*Attorneys for Plaintiff*

/s/ *James A. Hamilton*

James A. Hamilton (0102638)
*Attorney for Defendants*