IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| H.H. FRANCHISING SYSTEMS, INC., | : |
| *Plaintiff*, | : |
| | : Case No. 1:24-cv-160 |
| vs. | : |
| | : Judge Jeffery P. Hopkins |
| MISSIONERA LLC, *et al.*, | : |
| *Defendants*. | : |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation issued by Chief Magistrate Judge Stephanie K. Bowman on November 22, 2024. Doc. 44. The Magistrate Judge recommends that Defendants' motion to dismiss (Doc. 29) be denied. Defendants filed objections and Plaintiff has filed a response in opposition to those objections. Docs. 45, 46. For the reasons explained below, Defendants' objections are **OVERRULED**, and the Magistrate Judge's Report and Recommendation is **ADOPTED** in its entirety.

### I. STANDARD OF REVIEW

The Chief Magistrate Judge construed Defendants' Rule 12(b)(6) motion to dismiss as a motion for judgment on the pleadings under Rule 12(c) given the procedural posture of this case. Doc. 44, PageID 430. Neither party objected, so this Court will analyze the question now before it using the same format.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Such a motion is assessed "using the same standard that

applies to a review of a motion to dismiss under Rule 12(b)(6)." *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021) (citations omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Jackson v. Pro. Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The moving party is entitled to relief under Rule 12(c) "'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id*. (quoting *Paskvan v. City of Cleveland Civ. Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

With this in mind, the Court will turn to Defendant's objections to the Magistrate Judge's Report and Recommendation. As here, when a party timely objects to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1).

## II.  LAW AND ANALYSIS

Defendants assert two objections: (1) that the Magistrate Judge misapplied Ohio choice-of-law principles to determine that Ohio law, and not Connecticut law, should be applied to enforcement of the noncompete provisions of the Franchise Agreement, and (2) that the Magistrate Judge erroneously concluded that Connecticut law does not prohibit enforcement of noncompetition agreements of the kind found in the Franchise Agreement. Doc. 45, PageID 437. Plaintiff urges that both objections be overruled. Doc. 46.

Starting with the first objection, Defendants argue that the Magistrate Judge's findings should be overturned based on the principles set forth in the Restatement Second Conflict of Laws § 187(2)(b). But the Court questions whether use of these same legal principles is appropriate because, until now, Defendants have not relied on this theory. Instead, they make only passing reference to it in reply to Plaintiff's opposition to Defendants' motion—after Plaintiff pointed out that Defendants had yet to raise it. Doc. 42, PageID 418–21. Without compelling reasons, a party may not "raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("issues raised for [the] first time in objections to magistrate judge's report and recommendation are deemed waived"); *Williams v. Andreopoulos & Hill, LLC*, No. 23-1156, 2023 U.S. App. LEXIS 30003, at *10–11 (6th Cir. Nov. 9, 2023) (same). Throughout this case, Defendants have waffled between various theories to try to see what sticks. They should not be afforded the opportunity to test yet another theory through their objections for the first time in the appeal before this Court.

That said, even if this objection were properly raised, the objection must be overruled. Central to the objection is the Ohio choice-of-law provision in the Franchise Agreement. Defendants cite to § 187 of the Restatement Second Conflict of Laws and argue that the Court must consider the choice-of-law provision against that backdrop based on Ohio contract principles. The Restatement provides:

> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

3

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties choice, or
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187(2) (1989). Defendants focus on subsection (b)—arguing that Connecticut has the greatest interest in applying laws intended to protect the rights of workers located there. Doc. 45, PageID 439.

In support, Defendants rely on *Power Mktg. Direct Inc., v. Clark*, No. 2:05-cv-767, 2006 WL 2583342 (S.D. Ohio Sept. 6, 2006) (*Power I*). There, the defendant, a mattress wholesaler, had signed a license agreement with the plaintiff, a furniture and bedding business, to become the plaintiff's exclusive licensee in Austin, Texas. *Id.* at *1. The agreement between the parties contained a non-compete provision and a choice-of-law clause that provided Ohio law would govern any claims. *Id.* After the relationship was terminated, the plaintiff claimed that the defendant had solicited other dealers and vendors to terminate their relationships with the plaintiff in violation of the non-compete provision. *Id.* The defendant argued that the non-compete should not be enforced because it ran contrary to Texas law. The court in *Power I* concluded: (1) that Texas had a more substantial relationship to the license agreement such that Texas law would govern absent a valid choice-of-law provision, (2) that the non-compete provision would be contrary to, and unenforceable under, Texas law, and (3) that Texas had a materially greater interest in the litigation than Ohio. *Id.* at *4–6.

This case does not get Defendants all the way home—or even halfway there. Defendants have not persuaded this Court that Conn. Gen. Stat. § 20-681 qualifies as a

4

"fundamental policy" of Connecticut for purposes of § 187(2). The court in *Power I* relied on the fact that "[c]ourts in Texas, including the Texas Supreme Court, have repeatedly found that the state's non-competition law constitutes a fundamental policy of Texas." *Power*, 2006 WL 2583342, at *5. But here, unlike in *Power I*, Defendants have not cited a single case that even construes the provisions of Conn. Gen. Stat. § 20-681—let alone one that finds it qualifies as a fundamental policy underlying Connecticut law. Though this is not the only way to make the case for this interpretation, this Court cannot readily declare Conn. Gen. Stat. § 20-681 a fundamental policy of that state based on nothing more than Defendant's self-serving reading of the statute itself offered without any support in Connecticut case law from that state's highest court or any other courts in the state of Connecticut for that matter.

Separately, Defendants' unwavering reliance on *Power I* becomes far less persuasive when considering that another court in this district reached the opposite result in a case involving the same plaintiff as in *Power I* and presumably, the same or a substantially similar non-compete clause and Ohio choice-of-law provision in the context of § 187(2) and Texas law. In a case decided shortly after *Power I*, Judge Sargus concluded that "an Ohio court would not apply the Restatement's § 187(2)(b) exception to avoid the parties' choice of Ohio law to govern interpretation of the agreement," and thus declined to apply Texas law. *Power Mktg. Direct, Inc. v. Pagnozzi*, No. C2-05-766, 2006 WL 2849815, at *6 (S.D. Ohio Sept. 29, 2006) (*Power II*). This Court is therefore reluctant to find that the analysis in *Power I* favors application of Connecticut law here. Defendants' first objection is overruled.

Defendants' second objection fares no better. Even if Connecticut law did apply to this action, Connecticut law does not prohibit enforcement of noncompete provisions like those found in the Franchise Agreement. First, as the Magistrate Judge correctly concluded, there

5

is no sign that Conn. Gen. Stat. § 20-681 was intended to apply retroactively to invalidate existing contracts that were legally enforceable when made. Doc. 44, PageID 434. Defendants argue—without support—that the statute must be read in conjunction with similar statutes that have expressly imposed time limitations. But this disregards Connecticut law which dictates "that legislation is to be applied prospectively unless the legislature *clearly* expresses an intention to the contrary." *Miller v. Kirshner*, 621 A.2d 1326, 1335 (Conn. 1993) (citation omitted) (emphasis added). No clear expression for retroactive application of the statute is present here.

Next, the Magistrate Judge found that the express language of the statute appears to relate to noncompete agreements that would prohibit "an individual" from providing home health care services (or similar personal services), rather than the franchise business at issue. Doc. 44, PageID 435. Defendants substantively oppose this finding based on the fact that there are two individual defendants here and the net effect of enforcement would restrict the rights of Defendants' individual members and employees. Doc. 45, PageID 444. Defendants provide no support for this proposition beyond citing generally to Conn. Gen. Stat. § 20-670(4), which merely defines covenants not to compete in the context of home health services. Defendants have failed to offer sufficient support that would lend itself to disturbing the Magistrate Judge's analysis and the conclusion reached in the Report and Recommendation. Defendant's second objection is therefore overruled.

### III. CONCLUSION

For the reasons stated, Defendant's objections (Doc. 45) are **OVERRULED**, the Magistrate Judge's Report and Recommendation (Doc. 44) is **ADOPTED** in its entirety, and Defendant's motion to dismiss (Doc. 29), construed as a motion for judgment on the

6

pleadings, is **DENIED**. This matter will be set for a Preliminary Pretrial Conference before this Court by separate notice.

    **IT IS SO ORDERED.**

Dated:  March 27, 2025

                                                Hon. Jeffery P. Hopkins
                                                United States District Judge