# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| H.H. FRANCHISING SYSTEMS, INC., | |
| *Plaintiff(s)*, | Case No. 1:24-cv-00160-JPH |
| v. | District Judge Jeffery P. Hopkins |
| MISSIONERA LLC, et al., | Magistrate Judge Stephanie K. Bowman |
| *Defendant(s)*. | |

## RULE 26(f) REPORT OF PARTIES

In accordance with Fed. R. Civ. P. 26(f), a meeting was held on 9/05/2024 and 04/23/2025 and was attended by: John H. Phillips and James A. Hamilton for Defendants and Charles Hoover for Plaintiff.

1. **Rule 26(a) Disclosures.** The parties:

   ☐ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

   ☒ will exchange such disclosures by <u>June 7, 2025</u>.

   ☐ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

2. **Magistrate Consent.** The parties:

   ☐ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

   ☒ do <u>not</u> unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

   ☐ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

1

3. **Discovery Plan.**

   a. *Discovery Issues*. Describe the subjects on which discovery is to be sought and the nature, extent, and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial:

   The parties will engage in discovery regarding the claims and defenses.

   b. *Bifurcation*. The parties recommend that discovery:

   ☒ need not be bifurcated.

   ☐ should be bifurcated between liability and damages.

   ☐ should be bifurcated between factual and expert.

   ☐ should be limited in some fashion or focused upon particular issues that relate to          .

   c. *Recommended Discovery Deadlines*.

   i. Disclosure of lay witnesses: <u>July 15, 2025</u>

   ii. Disclosure and report of Plaintiff(s) expert(s): <u>October 10, 2025</u>

   iii. Disclosure and report of Defendant(s) expert(s): <u>November 24, 2025</u>

   iv. Disclosure and report of rebuttal expert(s): <u>December 23, 2025</u>

   v. Discovery cutoff: <u>January 30, 2026</u>

   d. *Expert Testimony*. Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2):

   Damages and any other issues identified during discovery. All experts will fall under Rule 26(a)(2).

   e. *Discovery of Electronically Stored Information*. Have the parties discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced?

   ☐ Yes

   ☒ No

   i. The parties have electronically stored information in the following formats:

Various - the parties will work cooperatively to work through any electronically stored information deemed relevant

i. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

HIPAA issues involving clients. The parties will address these issues in their proposed protective order.

**f.** *Claims of Privilege or Protection*. Have the parties discussed issues regarding the protection of information by privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502?

☐ Yes

☒ No

i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

HIPAA issues involving clients. The parties will address these issues in their proposed protective order.

ii. Have the parties agreed on a procedure to assert such claims AFTER production?

☐ No

☐ Yes

☒ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

The parties are working on an agreed protective order to present to the Court.

**g.** *Limitations on Discovery*. Agreed changes in the limitations on discovery:

☐ Extension of time limitations (currently one 7-hour day) in taking depositions to

☐ Extension of number of depositions (currently 10) permitted to

☐ Extension of number of interrogatories (currently 25) to

☐ Other:

☒ None

3

    h. *Protective Order.* The parties:

        ☒ anticipate submitting a protective order to the Court on or before <u>May 7, 2025</u>.

        ☐ do not currently anticipate the need for a protective order. If the parties later deem that one is necessary, they will submit a joint proposed order to the Court.

        *The parties should be familiar with <u>Shane Group, Inc. v. Blue Cross Blue Shield of Michigan</u>, 825 F.3d 299 (6th Cir. 2016), its progeny, and the Court's procedure for sealing documents.*

4. **Motion Deadlines.** The parties recommend the following deadlines for filing:

    a. Motions directed to the pleadings: <u>June 30, 2025</u>

    b. Motions to amend the pleadings and/or add additional parties: <u>June 30, 2025</u>. Plaintiff and Defendants reserve the right to amend by Motion for good cause shown and approval of the Court thereafter.

    c. Dispositive motions: <u>February 27, 2026</u>

5. **Hearing Dates.** The parties recommend the following dates for:

    a. Status conference (if any): Upon request

    b. Final pretrial conference: <u>April 16, 2026</u>

    c. Commencement of trial: <u>June 15, 2026</u>

        i. Anticipated number of days: 5

6. **Settlement and Alternative Dispute Resolution.**

    a. Suggestions as to the type and timing of efforts at Alternative Dispute Resolution: Deadline to Mediate is <u>November 7, 2025</u>.

    b. Has a settlement demand been made? ☐ Yes ☒ No

    A response? ☐ Yes ☒ No

    Date by which a settlement demand can be made: <u>October 24, 2025</u>

    Date by which a response can be made: <u>October 31, 2025</u>

7. **Other matters pertinent to the scheduling or management of this litigation**:

   Defendants made a settlement offer, which Plaintiff rejected without a counteroffer. Defendants have specifically requested an itemization of any alleged monetary damages from Plaintiff as required under Rule 26(a)(1)(A)(iii).

**SUBMITTED BY:**

/s/ *Aaron-Michael Sapp*
Attorney for Plaintiff

Aaron-Michael Sapp (*pro hac vice*)
Charles J. Hoover (*pro hac vice*)
CHENG COHEN LLC
363 West Erie Street, Suite 500
Chicago, Illinois 60654
(312) 243-1701
asapp@chengcohen.com
charles.hoover@chengcohen.com

-and-

Michael A. Galasso (0072470)
Robbins Kelly Patterson & Tucker, LPA
312 Elm Street, Suite 2200
Cincinnati, OH 45202
(513) 721-3330 | (513) 721-5001 fax
magalasso@rkpt.com

/s/ *James A. Hamilton*
Attorney for Defendants

John H. Phillips (#0043934)
James Hamilton (#0102638)
Phillips Law Firm, Inc.
9521 Montgomery Road
Cincinnati, OH 45242
Telephone: (513) 985-2500
Facsimile: (513) 985-2503
Email: jhp@phillipslawfirm.com