**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)**

| | |
|---|---|
| **H.H. FRANCHISING SYSTEMS, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MISSIONERA LLC, VLADIMIR PETRENKO, and ELENA PETRENKO,**<br><br>**Defendants.** | **Case No. 1:24-cv-00160**<br><br>**Hon. Jeffery P. Hopkins** |

## QUALIFIED PROTECTIVE ORDER

Pursuant to the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. §§ 160 and 164, and agreement of the parties, it is ORDERED as follows:

The parties recognize the need to provide for the expeditious transfer of Protected Health Information ("PHI") and other confidential information to other parties and their representatives in connection with this matter and further recognize the need to provide for the continued confidentiality of PHI and confidential information. To achieve these goals, the following procedures and restrictions shall apply.

**I.      DISCLOSURE OF PHI AND MEDICAL RECORDS**

### DEFINITIONS

"HIPAA" means the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C.

"PHI" means protected health information, as that term is used in HIPAA and the Privacy Standards and defined in 45 C.F.R. §§ 160 & 164. Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not limited to, health information, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care

provided to an individual and identifies the individual or which reasonably could be expected to identify the individual.

"Privacy Standards" means the Standards for Privacy of Individuality Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164.

"Covered Entities" means those entities defined by 45 C.F.R § 160.103.

"Signatories" means all parties to this matter, their attorneys, and all non-parties that a court or Court may subsequently recognize as a signatory of this Protective Order.

## TERMS AND LIMITATIONS

1. The Signatories are familiar with HIPAA and the Privacy Standards, including permitted disclosures in the course of any judicial or administrative proceeding as provided in 45 C.F.R. § 164.512(e).

2. The Signatories recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit PHI of third-parties and non-parties to other parties and their attorneys and representatives.

3. Notwithstanding federal or state law limiting the Signatories' and Covered Entities' authority to disclose PHI, the Signatories and Covered Entities are permitted to release all PHI in their possession in response to a subpoena, discovery request or other lawful process, provided the PHI is relevant to the issues presented in this proceeding. The parties and their attorneys are hereby authorized to receive, subpoena and transmit PHI pertaining to defendants, parties, and non-parties to the extent and subject to the conditions outlined herein. All Covered Entities are hereby authorized to disclose PHI pertaining to non-parties, including clients of defendants, to the parties' counsel in this matter.

4. The Signatories are permitted to use the PHI in any manner that is reasonably connected with this proceeding. This includes, but is not limited to, disclosures to the parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff, agents, consultants), the parties'

insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

5.  The Signatories agree not to use or disclose the PHI released for this proceeding for any other purpose or in any other proceeding.

6.  Prior to disclosing PHI to persons involved in this matter, counsel shall inform each such person that the PHI may not be used or disclosed for any purpose other than this proceeding. Counsel shall take all other reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than this proceeding.

**II.     DISCLOSURE OF OTHER CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION**

1.  <u>Scope</u>. Section II of this Protective Order governs the use and disclosure of all materials produced or adduced in the course of discovery, including objections and responses to discovery requests, deposition testimony and exhibits, documents produced and information derived directly therefrom which are "Confidential" or "Highly Confidential" as defined below.

2.  <u>Definitions</u>.

    a.  "Party" means a named party in this action. "Person" means an individual or an entity. "Producer" means a Person who produces Confidential information via the discovery process in this action. "Recipient" means a Person who receives Confidential information via the discovery process in this action.

    b.  "Confidential" information is information concerning the Producer's business operations, processes, and technical and development information, including, without limitation, recipes, product formulations, and processes, the use or disclosure of which is likely to harm the Producer's competitive position or would contravene an obligation of confidentiality to a third Person or to a Court. "Confidential" information also includes all documents, things, or

3

information subject to discovery in this action that is owned, possessed, or controlled by a Party or a non-party that contains the Party's or non-party's tax records, financials, business, or commercial information which any Party or non-party contends is confidential, proprietary, sensitive, or other information required by law or agreement to be kept confidential. Documents containing PHI are considered "Confidential."

  c. "Highly Confidential" information is Confidential information that describes, includes or relates to current or future business or technical trade secrets and plans that is more sensitive or strategic than Confidential information, the use or disclosure of which is likely to significantly harm the Producer's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a Court. This includes (a) proprietary data, or business, financial, or commercial information, the disclosure of which to business personnel is likely to cause harm to the competitive or financial position of the producing or revealing party or third-party; (b) any information, document, or thing that qualifies as a trade secret under applicable state or federal law; and (c) nonpublic information relating to products, businesses, or services in development, business and marketing plans or strategies, or business and marketing plans or strategies in development.

  d. Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the Recipient without obligation of confidentiality before the Producer disclosed it, or has become known to the Recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a Recipient lawfully obtained it independently of this litigation.

3. <u>Designation of Information as Confidential or Highly Confidential</u>.

  a. A Person's designation of information as Confidential or Highly Confidential means that the Person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

  b. A Person designates information in a document or thing as Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL." A Person designates information in a document or thing as Highly Confidential by clearly and prominently marking it on its face as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

  c. A Person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing Party and the stenographer and videographer in a written notice of designation, within fourteen days after receipt of the deposition transcript, the specific portions of the testimony that are designated Confidential or Highly Confidential, and thereafter only those portions identified in the notice of designation shall be protected by the terms of this Protective Order. The failure to serve a timely notice of designation shall waive any designation of testimony taken in that deposition as Confidential or Highly Confidential, unless otherwise ordered by the Court.

  d. A Person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony. Inadvertent failure to designate a document or thing as Confidential or Highly Confidential is not a waiver of a claim of confidentiality, provided, however, that a failure to serve a timely notice of designation of deposition testimony as required by this Protective Order, even if inadvertent, waives any protection for deposition testimony.

e. The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed. Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall also be marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of Confidential Material are not required to be marked. A Person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the action.

f. If a Party disputes a Producer's designation of information as Confidential or Highly Confidential, the Party shall notify the Producer in writing of the basis for the dispute, identify the specific document or thing as to which the designation is disputed, and propose a new designation for such materials and explain the reason the Party proposes the new designation. The Party and the Producer shall then meet and confer within five (5) days to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen-day period the Producer requests the Court to rule on the issue. The Producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential. The information shall remain subject to the Producer's original designation until the Court rules on the dispute. A Party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

4. <u>Use and Disclosure of Confidential or Highly Confidential Information</u>.

    a.    Confidential and Highly Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this Protective Order.

    b.    Absent written permission from the Producer or further order by the Court, the Recipient may not use or disclose Confidential information to any Person other than the following:

    i.  **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the action;

    ii.  **Parties**. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of this action;

    iii.  **The Court and its personnel**;

    iv.  **Reporters and Recorders**. The reporters and recorders engaged for depositions or hearings in this action;

    v.  **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    vi.  **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but provided that such person is not regularly engaged in any activity that places him or her in competition with the products or services provided by the producing or designating party;

    vii.  **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential or Highly Confidential information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony or exhibits to depositions that are designated as Confidential or Highly Confidential information pursuant to the process set out in this Protective Order must be separately bound by the reporter and may not be disclosed to anyone except as permitted under this Protective Order;

    viii.  **Others by consent**. Other persons only by written consent of the producing and/or designating party or upon order of the Court and on such conditions as may be agreed or ordered.

    c.    Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Highly Confidential information to any Person other than those identified in paragraph 4(b)(i), (iii), (iv), (v), and (vi) of this section.

d.  Before Confidential or Highly Confidential information may be shown or disclosed to professional vendors, witnesses, consultants, or experts who did not author, generate, or previously receive such Confidential information, such person or entity must be advised and agree that the Confidential information is subject to this Protective Order and may not be disclosed other than pursuant to its terms and must complete the certification contained in **Attachment A, Acknowledgment and Agreement to Be Bound**. Counsel shall maintain the originals of the certifications signed by persons acknowledging their obligations under this Protective Order for their respective party for a period of one year after termination of this action.

e.  Notwithstanding paragraph 3(a), (b), and (c), a Party may disclose Confidential or Highly Confidential information to: (i) any employee of the Producer; (ii) any Person who authored that information; and (iii) any Person who received or knew the information before this action was filed.

f.  A Party who wishes to disclose Confidential or Highly Confidential information to a Person not otherwise authorized under this section must first make a reasonable attempt to obtain the Producer's consent. If the Party is unable to obtain permission, it may request permission from the Court.

g.  If a Recipient of Confidential or Highly Confidential information receives compulsory process (e.g., subpoena) commanding production of documents, ESI, or things containing a Producer's Confidential or Highly Confidential information, the Recipient must promptly notify counsel for the Producer, shall furnish that counsel with a copy of said subpoena or other process or order, inform in writing the party who caused the subpoena or other process or order to issue that some or all of the material covered by the subpoena or other process or order is the subject of this Protective Order and attach a copy of this Protective Order, and shall cooperate

with respect to any procedure sought to be pursued by the Producer whose interests may be affected. The party asserting the confidential treatment shall have the obligation of defending against such subpoena, process, or order. The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

**III.     GENERAL PROVISIONS**

1.     <u>Document Productions</u>. The parties agree that discovery will require production of electronically stored information ("ESI"). To facilitate discovery of ESI, the parties agree to collect and preserve documents in their native format and produce documents in searchable PDF files on a digital medium, such as a flash drive or CD, or through a secured file sharing platform, such as an FTP site. If deemed necessary, the parties may also request that certain file types, such as Microsoft Excel files, be produced in their native format as an additional supplement to the items above. The parties agree that production in this manner will be advantageous in that it will allow for any necessary redactions and Bates stamping and will facilitate the use of ESI as exhibits during depositions, in motion practice, and at trial. The parties will initially conduct their own keyword searches. The parties agree that producing metadata is overly burdensome and that the cost is disproportionate to the needs of this case. If, however, any party believes that the metadata of a particular record is important, that party may request the metadata, and both parties will work in good faith to negotiate a resolution. The parties agree to meet and confer to address any issues as they may arise, including with regards to keyword searches. If the parties are unable to resolve the dispute, the challenging Party may seek relief from the Court.

2. <u>Inadvertent Disclosure</u>.

a. The inadvertent disclosure of material protected by the attorney-client privilege or the work product doctrine will not operate as a waiver.

b. If a Party learns that, by inadvertence or otherwise, it has disclosed, after the date of this Protective Order, Confidential or Highly Confidential information to any person or in any circumstance not authorized under this Protective Order, such Party must immediately (a) notify in writing the Producer of the Confidential or Highly Confidential information that was disclosed without authorization, the circumstances of the disclosure, and the person to whom the disclosure was made, (b) make all reasonable efforts to retrieve all unauthorized copies of the confidential information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the Agreement to Be Bound.

c. A Producer that has made an inadvertent disclosure of its Confidential or Highly Confidential information may notify the Recipient that received the information of the claim and the basis for it. After being notified, the Recipient must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the Recipient disclosed it before being notified.

3. <u>Filing with the Court</u>. No party may file a document designated as Confidential or Highly Confidential on a public docket without first seeking leave to file the document under seal, subject to the terms of this Protective Order. Absent an order allowing the motion to file under seal, if a Party wishes to include documents or information designated Confidential or Highly Confidential in any submission to the Court, that Party shall file a redacted version of such materials with the

Court, redacting all of the Confidential or Highly Confidential Information, and, where practical, the Party making the filing shall attempt to reach agreement with the producing Party concerning the particular redactions prior to such filing. The filing with the Court of any Confidential or Highly Confidential material not under seal, under any circumstances, shall not be deemed to waive or limit any restriction contained in this Protective Order as to that material or as to any other confidential material. No Party shall under any circumstances sell, offer for sale, advertise, or otherwise publicize Confidential or Highly Confidential material.

4.      <u>Document Disposal</u>. Within sixty (60) days upon the conclusion of this action, each Party must destroy all documents and copies of documents disclosed to it after the date of this Protective Order containing the Producer's Confidential or Highly Confidential information and promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, Counsel for each party may, however, retain documents reflecting any work product including, without limitation, copies of pleadings, motions, briefs, exhibits, or other documents filed with the Court, and deposition transcripts and exhibits, provided that all such documents remain subject to the terms of this Protective Order. This paragraph does not apply to the Court or Court staff.

5.      <u>Advice to Clients</u>. This Protective Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party-client the attorney's evaluation in a general way of Confidential or Highly Confidential information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Confidential or Highly Confidential information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

6. <u>Rights and Duties of the Parties</u>. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of Confidential or Highly Confidential information; however, any objections to use or disclosure by a Party must be in good faith and not interposed for purposes of delay or harassment.

7. <u>Modification</u>. This Protective Order shall be subject to modification by the Court on her own initiative or on motion of a party or any other person with standing concerning the subject matter.

8. <u>Persons Bound</u>. This Protective Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and Persons made subject to this Protective Order by its terms.

9. <u>Survival of Obligations</u>. This order's obligations regarding Confidential and Highly Confidential information survive the conclusion of this litigation.

**SO ORDERED.**

    May 5 , 2025

                    Hon. Judge Jeffery P. Hopkins

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)**

| | |
|---|---|
| **H.H. FRANCHISING SYSTEMS, INC.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **MISSIONERA LLC, VLADIMIR PETRENKO, and ELENA PETRENKO,** <br><br> **Defendants.** | **Case No. 1:24-cv-00160** <br><br> **Hon. Jeffery P. Hopkins** |

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" that is disclosed to me.

4. Promptly upon termination of this action, I will return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.       I hereby submit to the jurisdiction of the Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____Date: _____