**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)**

| | |
|---|---|
| H. H. FRANCHISING SYSTEMS, INC., | : |
| Plaintiff, | : Case: 1:24-cv-00160-JPH |
| vs. | : Judge Jeffery P. Hopkins |
| MISSIONERA LLC, *et al.* | : Magistrate Judge Stephanie K. Bowman |
| Defendants | : DEFENDANTS' INITIAL DISCLOSURES |

Defendants Missionera LLC, Elena Petrenko, and Vladimir Petrenko (collectively, "Defendants") by its attorneys, submits the following Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

**A. The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Fed. R. Civ. P. 26(a)(1)(A)(i).**

Barry Nelson - Mr. Nelson is HHFS's Executive Vice President and General Counsel. Mr. Nelson has or may have discoverable information regarding the claims, defenses, and any subsequent pleadings filed in this case, including, but not limited to, HHFS's franchise system, and Plaintiff's agreement to allow Defendants to pursue Medicaid operations outside of their franchised territory.

Amy Ozimek - Ms. Ozimek is HHFS's Performance Coach for defendants' former franchised territory. Ms. Ozimek has or may have discoverable information regarding the claims, defenses, and any subsequent pleadings filed in this case, including, but not limited to, defendants'

1

franchise operations and HHFS's Connecticut franchisees. She can also testify as to the lack of cooperation with HHFS during the franchise period applicable to this case.

Mercedes Morgan  -  Ms. Morgan is HHFS's Senior Director of New Franchise Services. Ms. Morgan has or may have discoverable information regarding the claims, defenses, and any subsequent pleadings filed in this case, including, but not limited to, defendants' former franchised territory, defendants' franchise operations, and defendants' efforts to remove Vladimir Petrenko from their franchise agreement. She was the main point of contact with Defendants' during the franchise period in question.

Anna Seals  -  Ms. Seals is HHFS's HR Generalist & Legal Administrator. Ms. Seals has or may have discoverable information regarding the claims, defenses, and any subsequent pleadings filed in this case, including, but not limited to, efforts to renew defendants' franchise agreement.  She will testify as to the positive performance of Defendants during their relationship with HHFS.

Clay McKee  -  Mr. McKee is HHFS's Vice President of Franchise Development. Mr. McKee has or may have discoverable information regarding the claims, defenses, and any subsequent pleadings filed in this case, including, but not limited to, defendants' agreements with HHFS.  He can also testify as to the agreement with HHFS to allow Defendants to continue with Medicaid recipients without interference from HHFS.

Alan Wilson  -  Mr. Wilson is HHFS's Director of Technology Solutions. Wilson has or may have discoverable information regarding the claims, defenses, and any subsequent pleadings filed in this case, including, but not limited to, Vladimir's transfer out of the business years before the end of the franchise system, and the technical system of the billing system and monies paid by Defendants to HHFS.

Bob Blizzard - Mr. Blizzard is HHFS's former Franchise Business Consultant for defendants' franchised territory. Mr. Blizzard has or may have discoverable information regarding the claims, defenses, and any subsequent pleadings filed in this case, including, but not limited to, defendants' franchise operations, defendants' Medicaid operations outside of their franchised territory, and efforts by defendants to remove Vladimir Petrenko from the franchise agreement. Bob is the HHFS employee that told Defendants that they were not violating the non-compete agreement by accepting Medicaid patients only.

Kurt Glaser - Mr. Glaser is a HHFS franchisee in Connecticut. Mr. Glaser has or may have discoverable information regarding the claims, defenses, and any subsequent pleadings filed in this case, including, but not limited to, defendants' franchise operations. Mr. Glaser will testify as to the lack of support from HHFS, and the fact that Defendants are not competing with the HHFS franchise model.

Peter DiMaria - Mr. DiMaria is a HHFS franchisee in Connecticut. Mr. DiMaria has or may have discoverable information regarding the claims, defenses, and any subsequent pleadings filed in this case, including, but not limited to, defendants' franchise operations. Mr. DiMaria will testify as to the lack of support from HHFS, and the fact that Defendants are not competing with the HHFS franchise model.

Eram Sakandar - Ms. Sakandar is a HHFS franchisee in Connecticut. Ms. Sakandar has or may have discoverable information regarding the claims, defenses, and any subsequent pleadings filed in this case, including, but not limited to, defendants' franchise operations. Ms. Sakandar will testify as to the lack of support from HHFS, and the fact that Defendants are not competing with the HHFS franchise model. Ms. Sakandar will also testify as to the assistance that she has provided to the HHFS franchisees when HHFS would not or could not provide support.

Vladimir Petrenko  -  Mr. Petrenko may be contacted through his counsel. He has or may have discoverable information regarding the claims, defenses, and any subsequent pleadings filed in this case.

Elena Petrenko Mrs. Petrenko may be contacted through her counsel. She has or may have discoverable information regarding the claims, defenses, and any subsequent pleadings filed in this case.

Daniel Petrenko  -  Mr. Petrenko has or may have discoverable information regarding the claims, defenses, and any subsequent pleadings filed in this case, including defendants' lack of involvement in Managed Home Care, LLC.

Any individual disclosed in HHFS's initial disclosures, including any supplements, and in any party's witness list.

Any individual disclosed by any party during the discovery process.

**B. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment purposes. Fed. R. Civ. P. 26(a)(1)(A)(ii).**

1. The following documents identified during the lead up to the Preliminary Injunction Hearing.

| DESIGNATION | DESCRIPTION | IDENTIFIED | ADMITTED |
|---|---|---|---|
| JX-01 | FDD Receipt dated March 22, 2013 | | |
| JX-02 | Email dated April 5, 2013 | | |
| JX-03 | Deposit Form and Check dated April 5, 2013 | | |
| JX-04 | Petrenko Disclosure Questionnaire dated April 17, 2013 | | |
| JX-05 | Checks dated April 17, 2013 | | |
| JX-06 | Franchise Agreement Dated April 17, 2013 | | |
| JX-07 | Missionera Articles of Organization filed May 8, 2013 | | |
| JX-08 | Assignment Documents | | |

| | | | |
|---|---|---|---|
| JX-09 | Countersigned Assignment | | |
| JX-10 | Petrenko Training Receipt dated June 4, 2013 | | |
| JX-11 | Email dated September 30, 2013 | | |
| JX-12 | Petrenko Article dated November 6, 2013 | | |
| JX-13 | Missionera Aging Care Profile | | |
| JX-14 | Email dated October 7, 2016 | | |
| JX-15 | Territory Amendment dated January 5, 2017 | | |
| JX-16 | Email dated July 12, 2019 | | |
| JX-17 | Managed Home Care Certificate of Organization filed July 24, 2019 | | |
| JX-18 | Homecare Staffing Experts Certificate of Organization filed July 29, 2019 | | |
| JX-19 | Homecare Staffing Experts 2022 Annual Report filed February 4, 2022 | | |
| JX-20 | Email dated February 2, 2023 | | |
| JX-21 | February 15, 2023, Notice of Default | | |
| JX-22 | Email dated February 16, 2023 | | |
| JX-23 | Email dated July 26, 2023 | | |
| JX-24 | Missionera 2024 Annual Report filed February 23, 2024 | | |
| JX-25 | Managed Home Care 2024 Annual Report filed February 23, 2024 | | |
| JX-26 | March 4, 2024 Notice of Default | | |
| JX-27 | Email dated March 5, 2024 | | |
| JX-28 | March 6, 2024 Termination Notice | | |
| JX-29 | Elena LinkedIn Profile | | |
| JX-30 | License Lookup (Missionera) | | |
| JX-31 | License Lookup (Managed Home Care) | | |
| JX-32 | Google Search Results | | |
| JX-33 | Elena Facebook Page as of April 2, 2024 | | |
| JX-34 | Petrenko Franchise Territory | | |
| JX-35 | Connecticut Franchisees Territories | | |

| JX-36 | Petrenko Client Map as of January 2024 | | |
|---|---|---|---|

2. Documents related to the inability to enforce noncompete agreements related to the healthcare industry in Connecticut.

3. Documents related to HHFS's operation, sales, revenue, reports, and payments within and outside their assigned territory that are produced by defendants or otherwise in HHFS's custody or control.

4. Documents related to defendants' compliance and non-compliance with their obligations under the franchise agreement.

5. Documents related to efforts to renew defendants' franchise agreement and termination of the franchise agreement.

6. Documents related to defendants' continued operation of an independent home health care agency following termination of the franchise agreement.

7. Documents related to additional competitive businesses operated during the term of the franchise agreement.

8. Correspondence between HHFS and defendants.

9. Documents related to HHFS's lack of damages.

10. Documents referenced in or attached to the parties' respective pleadings and motions, including the briefing on Defendants' motion for preliminary injunction.

**C. A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each**

**computation is based, including materials bearing on the nature and extent of injuries suffered. Fed. R. Civ. P. 26(a)(1)(A)(iii).**

Plaintiff has no damages caused by these Defendants.

**D. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. R. Civ. P. 26(a)(1)(A)(iv).**

Defendants are not aware of any insurance agreements applicable to this case.

## RESERVATION OF RIGHTS

These initial disclosures are as complete as possible based on the information presently known and reasonably available to Defendants and are made without waiving: (a) the right to object on the grounds of competency, privilege, hearsay, relevancy and materiality, confidentiality, or any other proper ground to the admissibility of anything disclosed herein; (b) the right to object to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (c) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

Defendants expressly reserves the right to amend and supplement these disclosures as necessary and to disclose additional individuals likely to have discoverable information should it learn of such individuals through discovery or further investigation.

Dated: June 24, 2025                                Respectfully submitted,

                                                    /s/ *John H. Phillips*
                                                    John H. Phillips (0043934)
                                                    Phillips Law Firm, Inc.
                                                    9521 Montgomery Road

Cincinnati, OH 45242  
Telephone: (513) 985-2500  
Facsimile: (513) 985-2503  
Email: JHP@PhillipsLawFirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following date, **July 1, 2025,** as follows:

☐ hand delivery,

☐ regular U.S. Mail, postage prepaid, to the addresses listed below

☐ facsimile to the fax number listed below

**X** email to the email address listed below

**X** through the United States District Court for the Southern District of Ohio's CM/ECF service to provide copies of filings to all parties and counsel entitled to receive service of documents in this case.

☐ other: _____.

| | |
|---|---|
| Michael Alan Galasso | Charles Jay Hoover |
| Robbins, Kelly, Patterson & Tucker, LPA | Aaron-Michael Hanchett Sapp |
| 312 Elm Street, Suite 2200 | Cheng Cohen LLC |
| Cincinnati, OH 45202 | 363 W. Erie Street |
| 513-721-3330 | Suite 500 |
| Fax: 513-721-5001 | Chicago, IL 60654 |
| Email: mgalasso@rkpt.com | 312-243-1701 |
| Attorney for Plaintiff | Fax: 312-277-3961 |
| | Email: charles.hoover@chengcohen.com |
| | Email: asapp@chengcohen.com |
| | Attorneys for Plaintiff |

/s/ *John H. Phillips*  
John H. Phillips (0043934)